Good morning, Your Honors. For the record, Maximiliano Trujillo on behalf of Appellants. In this case, as already in the briefs, we are contesting the determination by the Bankruptcy Court to provide an exception to the barred date exceptions included in Rule 3002C. Once the Bankruptcy Court dismissed the petition, how could the claimant have filed something against an action that was no longer a viable action with court? No, no, because the dismissal was reconsidered and then the objection was filed after the reconsideration. The claim was filed after the reconsideration of the dismissal. But you want the 90 days to also encompass the period where the case was dismissed? Yes, Your Honor. But if you're saying that if he had a total of 90 days to file his claim and there was nothing there to file it with, that doesn't make any sense to me. No, Your Honor. The thing is that the presumption or the assumption that the dismissal was final and that there was no longer a viable case was premature. So he had to assume that the Bankruptcy Court might change its mind? Yes. Based upon what law? Why is there a presumption that the court would have reconsidered and therefore he should nonetheless have filed after the dismissal? Because the fact is that there is case law, although it's not included in my brief, to the extent that the reconsideration of the dismissal returns the case to the status quo before entry of the order of dismissal. And that case, one of many, is Hakeem 244 Bankruptcy Report 820. It's a California case. But neither the other party nor myself addressed the issue in terms of case law, and this case law was not presented to the other party in my brief and I didn't file a reply brief. So therefore the Honorable Court was also not aware that there are cases in which the dismissal is considered not final and that the person should be aware of that. So it is up to the court to decide whether it is properly presented, but I am answering the court's question. Had the deadline for filing unsecured claims, I've got it backwards, did the dismissal of the case occur before the expiration of the time period for filing? Yes, Your Honor. Yes, it is so. And once the dismissal was entered, if Bowles Custom Pools or its attorney had gone to the Bankruptcy Clerk's Office to file a claim, would it have been accepted? Yes, because there are many... The answer to that is no, isn't it? No, no. Yes, because there are many other entries after the dismissal order. The dismissal order was docket 26 on June 13, 2012, and then docket 28, which is on... So you're saying they could have filed? Yes. But isn't the question before us, was it okay for the Bankruptcy Court to allow its filing under these circumstances? Isn't that our question? No, no. The question is whether the court should have allowed, after the reconsideration was granted, an extension not provided by the rule in the term of 90 days. You're saying they got their 90 days because even though it was dismissed, it counts as a day because you could file during the dismissal period? Yes, because it was not final. And then 90 days ran. Yes. And it sounds kind of a little wacky that you've got to file during the dismissal period, but it actually can happen. If I understand it, the Fifth Circuit's decisions going against you, partly they go against you precisely because they recognize it can be filed during the 90 days, and they're worried that the clerk's office will have to administer a bunch of filings that may go for nothing since some of these cases won't be revived and other cases will. Yes. But you're saying as administratively silly as that may be, 90 days is 90 days. Filings can be made during that entire period, so that's the way it is. Yes, Your Honor. And, of course, it's up to the court to decide whether the doctrine expressed by cases like Ibrahim Hakim should be adopted or not. It is for the court to decide because there are authorities on both sides of the controversy. Would a creditor get any notice that the dismissal's coming? In other words, in this case even, maybe a different case would be different, but if I'm watching the docket and I know the debtor is in bankruptcy, would I be able to tell from that docket that this might get dismissed in this case? Would I have been able to see that or would it all of a sudden just be poof, it was dismissed one day? No, no, because there were motions filed by the trustee, for example, and the creditor was able to see that a dismissal was in the works. What's your best case to support your argument, as I understand it, that the bankruptcy court had no authority to allow this late filing? Okay. Bankruptcy judges are official. I'm sort of waiting for the name of a case or a statute or a bankruptcy rule. Why they don't have authority? Yes. Authority for why they don't have authority. Yes, well, it all goes back to the interpretation in another pipeline and versus Marathon 458 U.S. 50, which decided that the bankruptcy judges, being Article I judges, don't really have jurisdiction. After the Marathon case, the United States Congress approved the new Section 28 U.S. Code 1334, in which the jurisdiction was given to the district court judges because they are Article III judges. Now, I have a historical discussion, I'm not going to repeat here, on the power of the judges under Article III and the judges under Article I. I do make an analogy between the federal system and the old Roman system, in which the praetor had the power of the people and the iudex was referred on a tablet with a note from the praetor to adjudicate. And that's what it is, the referral. Do you have a case that says this? Well, no. The cases are what the Supreme Court has said pertaining to the… What I'm looking for is a case that says under or as a result of Marathon Oil, a bankruptcy judge has absolutely no authority to allow a late filing of an unsecured claim. Now, I do have other cases in which the case that goes to the point that the IRS cannot extend its 180 days because the government has more time. And those are the cases which are mentioned, the Garden High case and the Alaska case, which are mentioned by me in my brief. I do have another Supreme Court case which does not address the issue of the part date, but the issue of whether the courts can add to provisions in the exemptions part of the court, which is Section 5. That's in your brief, right? None of this is new. This is a Law v. Siegel, and that's 134 Supreme Court 1188. That's a last year case, and there is another case on the bankruptcy matters that came out after because it's a 2015 case, which is the case of, let me see here, of Wellness v. Sheriff, 135 Supreme Court, 1932, 2015. Thank you, Counsel. Okay. May it please the Court, for the record, Attorney Jose Vasquez-Garcia, on behalf of the appellee, Bottles, Customs, Bulls, and Spas, Incorporated. Your Honors, we have heard appellant, and what I would like to do is, I have a number of points that I would like to discuss. The first one, and just to get it off the charts, is the appellant raises two issues, two arguments on appeal. The second one is that he alleges that the legal fees that were imposed by the Florida State Court are unreasonable, and I would like to dispose of that issue because it was nowhere discussed. It was not mentioned in the motion objecting the proof of claim. It was not discussed before the bankruptcy court. It was not discussed before Honorable Judge Bezosa, and it's been raised for the first time in this brief. And under the case law of United States v. Sanino, that argument has been forfeited. So, let's get that off the table. Now, the other argument that he raises is that he says that the bankruptcy judge amended the bankruptcy rules to allow the filing of the late proof of claim. Well, that's nonsense. Because the bankruptcy court at no point in time interpreted those rules. What happened was that those rules were in fact nullified due to the dismissal of the case. If you think about it, the rules which he speaks to, the six exceptions, are contingent and hinge on the validity of the bar date. If the bar date is nullified because of the dismissal of the case, they no longer apply and it has been taken out of context. Why does the dismissal nullify the bar date? Because there's no duty to file a proof of claim. There's never a duty to file a proof of claim. If you don't file it within 90 days, after the first date the creditor meeting is set, it's too late. Correct. So, this was filed after 90 days from the date of the first creditor meeting. Right, but... So, why textually could you say that somehow that bar date was nullified due to the dismissal? Because if the case has been dismissed, there's no sense in filing a proof of claim on a case that has been dismissed. In fact... Unless it comes back. Yes, but there has to be due notice that it came back. And the court, the bankruptcy court, would have to reset the bar date. Otherwise, there would be a deprivation, constitutional deprivation, due process. Because once the case has been dismissed, the creditor says, okay, it's dismissed. I don't have to file a proof of claim on a case that has been... Unless he knows he does. Okay, but then, since the bar date elapsed while the case was dismissed, he has to receive... No, I'm asking why the bar date elapsed. If he knows that the bar date continues in place even during a dismissal... That's not true. No, if he knows that. If the rule is, as your opponent suggested it to be, says 90 days after the first creditor meeting is set. In fact, 90 days on the calendar ran from that first creditor meeting. You say, because there was a dismissal, somehow it wasn't a day. Because there was a dismissal. Right, so if you're wrong on that... There was no duty to file. There's never a duty to file. If you want to file, you must file within 90 days. Correct. So what I'm trying to figure out is textually... But the thing is that the case was dismissed prior to the accrual of the bar date. Could you file during that dismissed period? Would they accept the filing? In case it got revived. But there's no... If I tried to file my proof of claim while it was dismissed, would the proof of claim been accepted by the clerk's office? I don't see to what purpose. Well, that's not my question. I want to know whether they would accept it. I guess so. Is the fact that we don't know significant? We don't know if the court would accept it. But my point is that the appellant has not decided any case law that says that a creditor has to file a proof of claim on a dismissed case on the perchance that somehow it might be reinstated. Let me ask you this. If the case was dismissed, that would lift any automatic stay. Is that correct?  And you would be free as a creditor to pursue your claim directly against the debtor? In state court, yes. In state court? Yes. And then would there have to be a new creditor meeting set if it's reinstated? If it depends. Well, in this case, yes, because the debtor didn't even go to the first four or five meetings of creditors. So by the time the case was reinstated, still the creditors' meeting had not taken place. Was there a creditor meeting set after the dismissal? Yes. Could we count that as the first creditor meeting since it's now a new case, a new? Well, I don't see why not. But I don't see the relevance to the new bar date because when the case was reinstated, it was within still the 49 days that the case has been dismissed that the proof of claim was filed. So it was timely filed in that sense after the case was reinstated. So to Judge Barron's point, even though there's no duty to file a proof of claim, once a debtor is in bankruptcy, if there's any hope of getting paid, you better file a proof of claim. Yes, but the thing is, what purpose does it serve? It serves the purpose of preserving the bar date. If you just read the statute, the statute says the first creditor meeting, 90 days after that, it's too late. Okay, that's just calendar days. There's nothing in the statute that says a day doesn't count as a calendar day if it's dismissed. If you actually can file during those days, one way to read the statute is, I guess I better do it. And I'm trying to find out why that's wrong. Well, it's wrong because there's no purpose of filing a proof of claim on a case that is dead. There's no valid, legitimate purpose of doing that because it serves no purpose. It's a waste of time. It's a waste of money. It's a waste of resources. It just makes no sense. And purposely, that's precisely my point, that the debtor has not cited any case law whatsoever to show that on a dismissed case, that you still have to file a proof of claim. So how would you read the text then? Is it not a day during the dismissal? We just don't count that as a day? Well, I think what the court should read into it is that the dismissal nullifies the bar date if the bar date accrued after the dismissal. And the bankruptcy court should then reset a new bar date and give notice to the creditors that the new date has been reset for them to file the proof of claim. In our case, we filed it promptly, so that was not a problem for us. We would like to stress that, you know, debtor did not cite in any of his brief any case law to support his proposition that after the dismissal and the accrual before of the bar date that a creditor still had to file a proof of claim. And because of that, you know, we feel that this appeal has been frivolous because there has been no case law cited to support their proposition. The rationale of the bankruptcy court was not discussed. The case of Enrique Gulley was not discussed or Enrique Santos. And we basically feel that there has been just another frivolous appeal as a deleterious tactics in this case. Thank you. Thank you. Thank you. All rise.